UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHERINE KOVACIC, et al., ) | CASE NO.  1:05CV2746 |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | OPINION AND ORDER |
| ) | |
| ) | |
| PATRICIA CAMPBELL ) | |
| PONSTINGLE, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

Defendants seek leave to use certain confidential child welfare documents, relating to the incidents at issue in this case, at trial. They request an order from the Court "finding that the interests of due process presented by this trial outweigh the competing interests in confidentiality of the child welfare records." (Doc. No. 165 at 1037.) In connection with this motion, and at the direction of the Court, defendants have submitted certain county records to the Court for an *in camera* inspection.

Under Ohio Rev. Code § 2151.421(H), written records of investigations relating to children, as performed by public children services agencies, are confidential. The confidentiality of such documents, however, is not absolute. *See, e.g., Johnson v. Johnson*, 731 N.E.2d 1144, 1146 (Ohio Ct. App. 1999). "Rather, 'a court may conduct *an in camera* inspection of child abuse records and reports and also has the *inherent power* to order disclosure of such records and reports where (1) the records and reports are relevant to the pending action; (2) good cause for such a request has been established by

the person seeking disclosure; and (3) where admission of the records and reports outweighs the confidentiality consideration set forth in [Ohio Rev. Code §] 5153.17 and [Ohio Rev. Code §] 2151.421(H)(1).'" *Richardson v. City of Cleveland*, No. 1:11 CV 00660, 2013 WL 1742687, at *3 (N.D. Ohio Apr. 23, 2013) (emphasis in original) (quoting *Johnson*, 731 N.E.2d at 1148))

*Richardson* was a § 1983 action seeking damages for an incident involving the use of force against a student. Upon an *in camera* review of the requested child services records relating to the investigation of the use of force against the student, the court found that there was good cause to warrant the disclosure of the redacted internal CCDCFS records of the incident for use in the federal civil rights case, and specifically found that the need for certain documents for the state defendants to defend against the § 1983 action outweighed the confidentiality concerns set forth in § 2151.421(H). *Id.* at *4. In reaching this conclusion, the court noted that the CCDCFS had redacted certain sensitive information. *See, e.g., Farley v. Farley,* 952 F. Supp. 1232 (M.D. Tenn. 1997) (in a § 1983 action where the plaintiff alleged that child welfare agency and ex-husband conspired to deprive plaintiff of her children, protective order restricting dissemination of confidential child welfare records was modified to permit plaintiff to use records to prosecute action).

The Court has conducted an *in camera* inspection of the child welfare records and finds that the need for the documents for defendants to defend against this § 1983 action outweighs the confidentiality concerns set forth in Ohio Rev. Code § 2151.421(H). The Court further notes that plaintiffs do not oppose this motion. It is,

therefore, granted, and defendants may offer, subject to relevance to be established at trial, properly redacted child welfare records relating to plaintiffs and their claims.

**IT IS SO ORDERED**.

Dated: September 22, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**